Good morning. My name is Brian Spears from Spears, Manning & Martini. The question presented in the Kamaldoss appeal is a substantial one. The question is whether the government can conduct a warrantless search of a cell phone under the border search exception to the Fourth Amendment. I submit, your honors, this is one of the most significant unresolved Fourth Amendment issues in the country. This court has not spoken on the subject. District courts within this circuit are divided. They've been trending towards heightened protection. In fact, there are, as cited in our motion, three courts now that have held that probable cause and a warrant are required to search and seize a cell phone recovered at the border. Other circuits across the country are divided as well and are prescribing a variety of different analyses to this issue. Wasn't there probable cause here? In other words, the investigation had been ongoing for a year. There were controlled buys. You're assuming probable cause was required at the border. Didn't the government have it here? Your honor, we would argue that it did not. There certainly was no finding by a magistrate judge or the district court even during the course of the motion to suppress that there was probable cause. And ultimately, as the court may be aware from the papers, following the seizure and forensic search of the cell phone, an application was made for a warrant. But the application itself relied extensively on the evidence that had been seized and analyzed from the cell phone to support the showing of probable cause. I would also note that the government is emphasizing and sort of leaning into the question of the good faith exception and how it might apply here. We would submit that given the Supreme Court authority in Raleigh versus California, which said that a warrant, probable cause and a warrant are necessary to seize a cell phone that is recovered incident to arrest, that analysis would apply here and wouldn't justify good faith on law enforcement. But you just said it's a substantial unresolved question. So how could the officers who conducted the search be charged with violating his rights and absent and not having good faith? Yes, Your Honor. Well, for one thing, there certainly was no authority that permitted them to do this. And we would submit that the Raleigh versus California decision established the heightened concerns of privacy as they relate to cell phones and was an analogous case. I don't see how— We're at the border, however. Somewhat different rules apply, right? I would agree with that, Your Honor. Yes. I think from the standpoint of demonstrating substantial question as it relates to the good faith exception, I would just note for the court as well that on July 24th, there were two decisions that came out of the Eastern District of New York on this very subject. One of them, United States versus Fox, said that the good faith exception was not applicable. The other, United States versus Sultanoff, said that the good faith exception was applicable. In our view, that demonstrates that indeed there is a substantial question. The district courts are adrift on this subject. Customs and Border Patrol conduct at our area airports is generating case after case on this subject. This is the opportunity for the court to address the issue. And for that reason, we submit that a substantial question has been presented. Thank you, Your Honor. Thank you, Mr. Spears. May I hear from Mr. Pollack? Good morning. May it please the court. I am Robert Pollack. I represent the United States on this appeal as well as in the district court below. The defendant has previewed some of the legal issues that will be briefed and argued on in this case on the merits when that day comes. But the only question that this court needs to decide to resolve this motion is whether the CBP officers and HSI agents who conducted the search at issue way back in April of 2019, almost five and a half years ago, whether they were acting in good faith, subjectively reasonable good faith. I submit that is not a close question. Judge Ross got it right in this report, saying that even if some heightened standard applies, it is clear based on the law at the time that the officers had a reasonable basis to believe that at most reasonable suspicion of a border related crime would be the highest standard that could apply. Am I right that the government has taken no position on risk of flight or danger to the community? The defendant here was out on bond for years during the pendency of the case and during the trial, so we don't argue that he is a risk of flight here. But the defense counsel points out many cases that have been decided making this legal issue sort of more complex in the intervening years, two of which were decided even since he filed this bail motion some weeks ago. Obviously, none of that existed way back in April of 2019. At that time, defense counsel says that there is no authority that affirmatively permitted this search. I disagree with that. I think the authority that permits this search is the long line of cases from both the Supreme Court and from this court saying that border searches are different. The Supreme Court has held repeatedly that searches generally that occur at the border are reasonable simply by virtue of the fact that they happen at the border. But wouldn't you agree still that the search of that person's cell phone is of a different quality? We have different law now developing on personal electronic devices. That's right. Searches of cell phones are different than searches of someone's pockets. That's certainly true. That was one of the upshots of the Riley case. Nevertheless, it is not the case. Certainly, it has not been decided that that distinction carries the day in the context of the border. Obviously, Riley was a search incident to arrest. The issues that are implicit there are different ones than the ones at the border. In the year prior to the search here, in 2018, three different circuit courts, I think it's the 11th Circuit, the 5th Circuit, and the 4th Circuit, all addressed exactly this question, the applicability there or otherwise of Riley to border searches. And all three of them said that Riley doesn't change things, that at the border, no search warrant is required. They disagreed on what is required, but it is certainly reasonable in 2019 for border officers to think, at most, we need to have a reasonable suspicion of a border-related crime. That's what they had. Did he give his password at the airport? He did give his password, yeah. And does the government argue that he consented or is that part of the mix here? That was one of the arguments on the suppression motion. The Judge Ross found that it was not a custodial circumstance when he gave his password. There was testimony from a CBP officer who said that he routinely asks for people's passwords all the time, and in all of his years, no one's ever told him no. So the government's argument there— That doesn't really go to whether he was in custody, right? That's true, it doesn't. There are many other factors that go to whether he was in custody. There was a lot of testimony about the nature of the secondary inspection room. None of that is at issue on this motion today. That will all be, I'm sure, briefed on the merits. Of all the cases that the defense has pointed to in the years since 2019 that have found something more than no suspicion necessary, the only one, I think, that has found against the application of the good faith exception is the one that the defense counsel just cited, the Fox decision by Judge Garifas in the Eastern District just a few weeks ago. And that case really stands apart on its facts. In fact, Judge Garifas said that shouldn't even be regarded as a border search. In that case, it was a purely domestic investigation of a domestic fraud, a paycheck protection program, sort of COVID relief fraud, and just sort of serendipitously one of the targets went on an international trip. And so one of the agents directed a forensic imaging of her devices. Judge Garifas seemed to have been sort of taken aback at the effort he thought of the agent making an end run around the warrant requirement there that would otherwise apply. Even in the other case from the Eastern District from a few weeks ago that defense counsel cites, the case decided by Judge Morrison, there, although she did find that a search warrant is necessary for border searches, which is the most favorable decision really imaginable to home run for the defendant here. Even there, she found that the good faith exception applied. And that was a search that happened more recently when the case law was more mixed. So I submit in closing that back in April of 2019, it was certainly objectively reasonable for the officers to believe that at most, reasonable suspicion would be necessary and that they had that. Thank you, Judge. Thank you very much. Thank you both. We will reserve decision on this motion. Thanks.